1  Eric D. Houser (SBN 130079)
   Steven S. Son (SBN 265921)
2  HOUSER & ALLISON
   A Professional Corporation
3  9970 Research Drive
   Irvine, California 92618
4  Phone: (949) 679-1111
   Fax: (949) 679-1112
5  E-mail: sson@houser-law.com
6
   Attorneys for Defendant,
7  OCWEN LOAN SERVICING, LLC
8
              UNITED STATES DISTRICT COURT
9             NORTHERN DISTRICT OF CALIFORNIA

10 IAN ADAM GLEASON,                        )  Case No. C 12-04742 NJV
                                            )
11              Plaintiff,                   )  Hon. Nandor J. Vadas
                                            )
12      v.                                   )
                                            )
13                                           )
   OCWEN LOAN SERVICING, LLC; and            )  **NOTICE OF MOTION AND MOTION TO**
14 DOES 1-100, Inclusive,                    )  **DISMISS PLAINTIFF'S COMPLAINT BY**
                                            )  **DEFENDANT OCWEN LOAN**
15              Defendants.                   )  **SERVICING, LLC; MEMORANDUM OF**
                                            )  **POINTS AND AUTHORITIES;**
16                                           )  **[PROPOSED] ORDER**
                                            )
17                                           )
                                            )  **[Fed. R. Civ. P. 12(b)(6)]**
18                                           )
                                            )  Date: November 6, 2012
19                                           )  Time: 10:00 a.m.
                                            )  Courtroom: 205A
20                                           )
                                            )  **EUREKA DIVISION**
21                                           )
                                            )  Action Filed: August 9, 2012
22                                           )  Trial Date: None Assigned
                                            )
23                                           )
24

25 TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

26     **PLEASE TAKE NOTICE** that on November 6, 2012, at 10:00 a.m., or as soon

27 thereafter as this matter may be heard, in Courtroom 205A of the Eureka Federal Courthouse,

28
   ────────────────────────────────────────────────
          NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
            BY DEFENDANT OCWEN LOAN SERVICING, LLC

1  located at 514 H Street, Eureka, California 95501-1038, Defendant OCWEN LOAN

2  SERVICING, LLC ("Defendant") will move to dismiss the Complaint filed by Plaintiff Ian

3  Adam Gleason ("Plaintiff").

4       This Motion is made and based upon Federal Rule of Civil Procedure 12(b)(6) on the

5  grounds that the Complaint fails to state a claim upon which relief may be granted against

6  Defendant.  This Motion is based upon this Notice of Motion, the Memorandum of Points and

7  Authorities attached hereto, and upon all pleadings, papers, and documents on file herein, as well

8  as any oral argument that may be presented at the time of the hearing, or any matters of which

9  judicial notice is requested and/or taken.

10  Dated: September 18, 2012

**HOUSER & ALLISON**
A Professional Corporation

/s/Steven S. Son
Steven S. Son
Attorneys for Defendant,
OCWEN LOAN SERVICING, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**BY DEFENDANT OCWEN LOAN SERVICING, LLC**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2  **I.   INTRODUCTION**

3       The gist of Plaintiff's lawsuit is that Defendant, the current servicer of Plaintiff's

4  mortgage loan, violated the terms of the June 2011 modification agreement because Defendant

5  increased Plaintiff's monthly escrow in July 2012.  (*See* Complaint, Para. 17).   However,

6  Plaintiff fails to address that the modification agreement plainly provides that the monthly

7  escrow amount is subject to change. (*See* Complaint, Exh. A, Para. 3(C)).  As such, Plaintiff's

8  position that Defendant "violated" the terms of the modification agreement is inaccurate.

9  Defendant has complied with the contractual terms of the modification agreement and Defendant

10  does not owe Plaintiff a fiduciary duty otherwise to protect his investment in the property as

11  Plaintiff claims.  As set forth below, each of Plaintiff's six stated claims against Defendant fail as

12  a matter of law.  Dismissal of Plaintiff's action is proper because Defendant did not breach the

13  terms of the modification agreement that Plaintiff entered into with Litton Loan Servicing LP

14  ("Litton"), the prior servicer of the loan.

15  **II.   ARGUMENT**

16       **A.     Plaintiff's First Claim For Breach of Written Contract Fails Because the**

17              **Written Agreement Expressly Allows For an Increase in Monthly Escrow**

18       Plaintiff's breach of written contract claim fails because Defendant did not breach the

19  modification agreement by increasing the monthly escrow.  The elements of a breach of contract

20  cause of action are (1) the existence of a contract, (2) plaintiff's performance or excuse for non-

21  performance, (3) defendant's breach, and (4) the resulting damages.  *Reichert v. General Ins.*

22  *Co.*, 68 Cal.2d 822, 830 (1968).  The elements of causation and damages in a breach of contract

23  cause of action are contingent on the existence of a breach by the defendant.  *Hale v. Sharp*

24  *Healthcare*, 183 Cal.App.4th 1373, 1383-84 (4th Dist. 2010).  "[F]acts appearing in exhibits

25  attached to the complaint will also be accepted as true and, if contrary to the allegations in the

26  pleading, will be given precedence." *Dodd v. Citizens Bank of Costa Mesa*, 222 Cal.App.3d

27  1624, 1627 (4th Dist. 1990).

28

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## BY DEFENDANT OCWEN LOAN SERVICING, LLC

1

1    Here, Plaintiff claims that Defendant "arbitrarily" increased the monthly escrow and

2 therefore "refused" to honor the June 2011 modification agreement. (*See* Complaint, Para. 17).

3 Plaintiff further claims that the increase in monthly escrow "was never anticipated by the

4 parties." (*See* Complaint, Para. 21). This is inaccurate based on the express terms of the written

5 agreement. The modification agreement plainly provides that "[t]he escrow payments may be

6 adjusted periodically in accordance with applicable law and therefore [Plaintiff's] total monthly

7 payment may change periodically" and that "the mortgage insurance premiums…may increase

8 as a result of the capitalization which will result in a higher total monthly payment." (*See*

9 Complaint, Exh. A, Paras. 3(C) & 4(O)). The modification agreement also plainly provides that

10 in the event there is a shortage or deficiency of escrow funds, that Plaintiff will be notified and

11 that Plaintiff will be obligated to make up the shortage or deficiency. (*See* Complaint, Exh. A,

12 Para. 4(D)). As such, Defendant has not breached the modification agreement because the

13 written agreement expressly allows for an increase in monthly escrow. Further, Defendant gave

14 notice to Plaintiff of the specific reasons the monthly escrow was to increase beginning in July

15 2012. (*See* Complaint, Exh. B). Plaintiff's breach of written contract claim is unsound and

16 should be dismissed.

17       **B.**      **Plaintiff's Second Claim For Constructive Fraud is Barred Because There is**

18           **No Fiduciary Relationship Between the Parties**

19    Plaintiff's constructive fraud claim is barred as a matter of law because this claim

20 requires a fiduciary relationship between the parties and no such relationship exists. "It is

21 essential to the operation of the doctrine of constructive fraud that there exist a fiduciary or

22 special relationship." *Peterson Development Co. v. Torrey Pines Bank*, 233 Cal.App.3d 103, 116

23 (4th Dist. 1991). "Constructive fraud is a unique species of fraud applicable only to a fiduciary

24 or confidential relationship." *Salahutdin v. Valley of California, Inc.*, 24 Cal.App.4th 555, 562

25 (1st Dist. 1994). The relationship between a financial institution and a borrower is not fiduciary

26 in nature. *Kim v. Sumitomo Bank*, 17 Cal.App.4th 974, 979-81 (2d Dist. 1993). The relationship

27 between a financial institution and a borrower is not fiduciary because the financial institution is

28

1   "entitled to pursue its own economic interests in a loan transaction." *Nymark v. Heart Fed.*

2   *Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1093, fn. 1 (3d Dist. 1991). It is well established

3   that a claim should be dismissed when it appears the plaintiff cannot prove a set of facts to

4   support his claim which would entitle him to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46

5   (1957).

6   In this case, Plaintiff's constructive fraud claim is barred as a matter of law because the

7   condition precedent that requires the existence of a fiduciary relationship between the parties is

8   lacking. Defendant is the current servicer of Plaintiff's mortgage loan and does not owe Plaintiff

9   a fiduciary duty as a matter of law. Plaintiff's erroneous theory that Defendant owes him a

10  fiduciary duty is expressly rejected by case law. (*See* Complaint, Para. 24). Defendant is under

11  no fiduciary obligation to protect Plaintiff's investment as Plaintiff claims. (*See* Complaint,

12  Paras. 25-26). Further, as set forth above, Defendant was contractually entitled to increase the

13  monthly escrow in order to account for a shortage or deficiency of escrow funds. (*See*

14  Complaint, Exh. A, Paras. 3(C), 4(D), & 4(O)). As such, Defendant has not committed any

15  "misrepresentation" because the written agreement clearly provides for the subject increase.

16  Dismissal of Plaintiff's constructive fraud claim is accordingly appropriate.

17      C.    **Plaintiff's Third Claim For Promissory Estoppel Fails Because There is No**

18            **Promise to "Enforce" as Defendant Has Honored the Modification**

19            **Agreement**

20  Defendant has honored the terms of the modification agreement. As such, there is no

21  breach of any promise nor is there a promise to enforce. In California, the elements of a

22  promissory estoppel claim are: (1) a clear and unambiguous promise, (2) breach of that promise,

23  (3) actual reliance by the promisee, (4) reasonable and foreseeable reliance by the promise, (5)

24  detrimental reliance, and (6) injustice can be avoided only by enforcement of the promise. *C &*

25  *K Engineering Contractors v. Amber Steel Co.*, 23 Cal.3d 1, 6-8 (1978). Here, as briefed above,

26  Defendant was entitled to increase the monthly escrow in order to account for a shortage or

27  deficiency of escrow funds. (*See* Complaint, Exh. A, Paras. 3(C), 4(D), & 4(O)). As such,

28

---

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**BY DEFENDANT OCWEN LOAN SERVICING, LLC**

3

1    Defendant has not breached any promise. Plaintiff was placed on notice that his monthly escrow

2    could increase before signing the modification agreement. Defendant gave notice to Plaintiff of

3    the reasons why the monthly escrow would increase beginning in July 2012. (*See* Complaint,

4    Exh. B). Plaintiff is the one who has breached the written agreement, not Defendant. Had

5    Defendant attempted to collect a monthly amount for **principal and interest** beyond the

6    $2,135.13 that was identified in the modification agreement, Plaintiff may have a viable

7    promissory estoppel claim. (*See* Complaint, Exh. A, Para. 3(C)). However, Plaintiff has not

8    alleged that this is the case. (*See* Complaint, Paras. 1-33). Dismissal of this claim is proper.

9         **D.    Plaintiff's Fourth Claim For Negligence Fails Because Defendant Honored**

10              **the Loan Modification and Defendant Does Not Owe Plaintiff a Legal Duty**

11        Plaintiff's negligence claim fails because Defendant honored the terms of the

12   modification agreement. Further, case law dictates that Defendant does not owe Plaintiff a legal

13   duty simply because Litton offered a modification of the loan. In California, a general

14   negligence claim consists of the following elements: (1) a legal duty to use care, (2) breach of

15   that duty, (3) causation, and (4) damages. *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917

16   (1996). Whether a defendant owes a duty of care is a question of law which is to be determined

17   by the courts. *Christensen v. Superior Court*, 54 Cal.3d 868, 882-84 (1991); see also *First*

18   *Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 986 (9th Cir. 2000).

19        There is no general duty outside those specifically contained in an agreement because a

20   financial institution may pursue its own economic interest and owes no fiduciary duty of care to

21   borrowers to protect their interest or investment. *Perlas v. GMAC Mortg., LLC*, 187 Cal.App.4th

22   429, 436 (1st Dist. 2010). A financial institution ordinarily has limited duties to borrowers for

23   purposes of a negligence claim. *Das v. Bank of America, N.A.*, 186 Cal.App.4th 727, 740 (2d

24   Dist. 2010). The general rule is that a financial institution owes no legal duty of care to a

25   borrower when the institution's involvement in the loan transaction does not exceed the scope of

26   its conventional role. *Wagner v. Benson*, 101 Cal.App.3d 27, 34-34 (4th Dist. 1980). "[T]he

27   discretion to enter loan modification – it in no way creates a fiduciary duty." *Huera v. Ocwen*

28

---

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**BY DEFENDANT OCWEN LOAN SERVICING, LLC**
4

1    *Loan Servicing, Inc.*, 2010 WL 728223, at *4, fn. 2 (N.D. Cal., March 1, 2010). "Lenders and

2    loan servicers owe no duty to a borrower other than as expressly agreed to in the promissory

3    note, deed of trust, and foreclosure statutes." *Labra v. Cal-Western Reconveyance Corp.*, 2010

4    WL 889537, at *12 (N.D. Cal., March 11, 2010).

5         Here, Plaintiff claims that Defendant owes Plaintiff a legal duty of care because Litton,

6    the prior servicer, "stepped outside of [its] traditional role as a lender and created a duty of care

7    to Plaintiff when [it] entered into [the] permanent modification agreement." (*See* Complaint,

8    Para. 35). Plaintiff's position is specious and rejected by California law. The case law dictates

9    that Defendant does not owe Plaintiff a legal duty just because Litton, the prior servicer, offered

10    Plaintiff a modification of his loan. Litton's offer and Plaintiff's acceptance of the loan

11    modification does not obligate Defendant to protect Plaintiff's investment in the future. The

12    only duties that Defendant owes to Plaintiff are those identified in the modification agreement.

13    As set forth above, Defendant has not violated the terms within the modification agreement

14    because Defendant was contractually entitled to increase the monthly escrow in order to account

15    for a shortage or deficiency of escrow funds. (*See* Complaint, Exh. A, Paras. 3(C), 4(D), &

16    4(O)). Plaintiff's position that Defendant "has given up [its] right to foreclose because of [its]

17    duty of care to Plaintiff" is unsound. (*See* Complaint, Para. 35). Dismissal of Plaintiff's

18    negligence claim is proper.

19       **E.**      **Plaintiff's Fifth Claim For Negligent Misrepresentation is Duplicative of**

20             **Plaintiff's Fourth Claim For General Negligence**

21        Plaintiff's negligent misrepresentation claim is repetitive of his general negligence claim

22    because both rely on the same foundational theory that Defendant was not allowed to increase

23    the monthly escrow under the modification agreement. (*See* Complaint, Paras. 34-37 & 38-42).

24    Defendant's analysis in support of its Motion to Dismiss Plaintiff's general negligence claim, as

25    set forth directly above, can be equally applied here.

26    ///

27    ///

28

---

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**BY DEFENDANT OCWEN LOAN SERVICING, LLC**

1    **F.     Plaintiff's Sixth Claim For Violation of California's Unfair Competition Law**

2    **Fails Because Defendant Has Not Committed Any Unlawful, Unfair, or**

3    **Fraudulent Acts**

4    Plaintiff's claim for violation of California's Unfair Competition Law ("UCL"), codified

5    in *Cal. Bus. & Prof. Code* §§ 17200, *et seq.*, fails because Defendant has complied with the

6    terms of the modification agreement.  The UCL prohibits unfair competition including "any

7    unlawful, unfair or fraudulent business act or practice." *Cal. Bus. & Prof. Code* § 17200.  Given

8    the statute is written in the disjunctive, each of the three prongs is a separate and distinct theory

9    of liability. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163,

10   180 (1999).  The UCL does not proscribe specific activities, but broadly prohibits any (1)

11   unlawful, (2) unfair, or (3) fraudulent business act or practice. *Puentes v. Wells Fargo Home*

12   *Mortg., Inc.*, 160 Cal.App.4th 638, 643-644 (4th Dist. 2008).

13   "As to the unlawful prong, the UCL incorporates other laws and treats violations of those

14   laws as unlawful business practices independently actionable under state law." *Sipe v.*

15   *Countrywide Bank*, 690 F.Supp.2d 1141, 1158 (E.D. Cal. 2010) (citing *Chabner v. United*

16   *Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000)).  "An unfair business practice is one

17   that either 'offends an established public policy' or is 'immoral, unethical, oppressive,

18   unscrupulous or substantially injurious to consumers.' " *McDonald v. Coldwell Banker*, 543

19   F.3d 498, 506 (9th Cir. 2008) (quoting *People v. Casa Blanca Convalescent Homes, Inc.*, 159

20   Cal.App.3d 509, 530 (4th Dist. 1984)).  "Finally, fraudulent acts are ones where members of the

21   public are likely to be deceived." *Symbersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137,

22   1152 (9th Cir. 2008).

23   "A plaintiff alleging unfair business practices under these statutes must state with

24   reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v.*

25   *Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (2d Dist. 1993).  An order for restitution is

26   one "compelling a UCL defendant to return money obtained through an unfair business

27   practice." *Kraus v. Trinity Management Services, Inc.*, 23 Cal.4th 116, 126-27 (2000).

28

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**BY DEFENDANT OCWEN LOAN SERVICING, LLC**

6

1  Restitution to an alleged victim under the UCL requires "that the offending party must have

2  obtained something to which it was not entitled and the victim must have given up something

3  which he was entitled to keep." *Bradstreet v. Wong*, 161 Cal.App.4th 1440, 1460-61 (1st Dist.

4  2008).

5       Here, Plaintiff's UCL claim fails on all counts. As discussed above, Defendant was

6  contractually entitled to increase the monthly escrow in order to account for a shortage or

7  deficiency of escrow funds. (*See* Complaint, Exh. A, Paras. 3(C), 4(D), & 4(O)). Plaintiff's

8  position that Defendant committed an unlawful, unfair, or fraudulent practice by "lull[ing]

9  Plaintiff into a false sense of security and prevent[ing] him from being able to save his home"

10  is simply inaccurate. (*See* Complaint, Para. 45). Further, Plaintiff has not alleged **any** facts to

11  support his theory that Defendant engaged in deceptive practices by instituting improper

12  foreclosure proceedings, executing false and misleading documents, and failing to comply with

13  statutory and other guidelines concerning loan modification review and foreclosure. (*See*

14  Complaint, Para. 46). Defendant has not been "unjustly enriched" as Plaintiff claims, as the

15  modification reduced Plaintiff's original loan obligations and only a fraction of what Plaintiff

16  originally owed will be recovered in the event the property is foreclosed. Plaintiff is not

17  entitled to any restitution as a matter of law, as Plaintiff is not entitled to keep the property

18  without maintaining his contractual obligations. Dismissal of Plaintiff's UCL claim is proper.

19  ///

20  ///

21  ///

22

23

24

25

26

27

28

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**BY DEFENDANT OCWEN LOAN SERVICING, LLC**

7

III.   **CONCLUSION**

Based on the foregoing, Defendant respectfully requests this Court to grant its Motion to Dismiss without leave to amend.  Plaintiff's lawsuit is centered on one foundational principle that Defendant cannot increase the monthly escrow.  However, the plain reading of the modification agreement confirms otherwise.  As such, Plaintiff should not be afforded an opportunity to amend the Complaint because any attempt to do so is futile.

Dated: September 18, 2012                         **HOUSER & ALLISON**
                                                  A Professional Corporation


                                                  /s/Steven S. Son
                                                  Steven S. Son
                                                  Attorneys for Defendant,
                                                  OCWEN LOAN SERVICING, LLC

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA     )
                        ) SS
COUNTY OF ORANGE        )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, California 92618.

On September 18, 2012, I served the following document(s) described as follows:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANT OCWEN LOAN SERVICING, LLC; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**

On the following interested parties in this action:

Art Hoomiratana, Esq.
Daniel Lucid
Law Offices of Art Hoomiratana
700 East Green Street, Suite 333
Pasadena, CA 91101
Tel: 888/688-4770
Fax: 888/848-4570

[X]     VIA FIRST CLASS MAIL - By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on September 18, 2012 at Irvine, California.

Sherie L. Cleere

---

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**BY DEFENDANT OCWEN LOAN SERVICING, LLC**
9