IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN ADAM GLEASON,<br><br>    Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    Defendant. | No. C-12-4742 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT; VACATING DECEMBER 21, 2012 HEARING** |

Before the Court is defendant Ocwen Loan Servicing, LLC's ("Ocwen") "Motion to Dismiss Plaintiff's Complaint," filed September 18, 2012, as amended November 7, 2012. Plaintiff Ian Adam Gleason has not filed opposition.[1] Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for December 21, 2012, and rules as follows.

**BACKGROUND**

In his complaint, plaintiff alleges that, in January 2006, he obtained from Fremont Investment & Loan a mortgage on certain real property in Point Arena, California. (See Compl. ¶¶ 1, 16.) Plaintiff also alleges the mortgage was thereafter transferred to Litton Loan Servicing, LP ("Litton"). (See Compl. ¶ 16.) According to plaintiff, when he later

---

[1] Under the Local Rules of this District, opposition to a motion must be filed no later than fourteen days after the date on which the motion is filed. See Civil L.R. 7-3(a).

"knew he was in danger of going into foreclosure," plaintiff "promptly contacted Litton and was qualified for a permanent modification." (See Compl. ¶ 18.)

Plaintiff alleges that, in June 2011, plaintiff and Litton entered into a Home Affordable Modification Agreement (see Compl. ¶ 17), under which agreement plaintiff's "Monthly Principal and Interest Payment Amount" was $2135.13 and his "Estimated Monthly Escrow Payment Amount" was $366.09, with the proviso that the "escrow payments may be adjusted periodically in accordance with applicable law" (see Compl. Ex. 1 at 3).[2] Plaintiff alleges that after he entered into said agreement, the mortgage was transferred to Ocwen, which, in July 2012, increased his monthly escrow payment from $366.09 to $1,610.12. (See Compl. ¶ 17.) Plaintiff further alleges that "Ocwen's increasing the [escrow] payment by $1,244.03 intentionally eliminates the benefit of the modification agreement and forces the home to be lost in foreclosure." (See Compl. ¶ 18.)

## DISCUSSION

Plaintiff's complaint consists of six causes of action titled, respectively, "Breach of Written Contract," "Constructive Fraud," "Promissory Estoppel," "Negligence," "Negligent Misrepresentation," and "Violation of Business and Professions Code Section 17520, et. Seq." Each cause of action is based on plaintiff's allegation that Ocwen lacked the authority to increase his monthly escrow payment from $366.09 to $1610.12. Specifically, plaintiff alleges, the increase was "wrongful and illegal" (see Compl. ¶ 9), "directly in contradiction to the permanent modification [agreement]" (see Compl. ¶ 17), "an intentional breach of contract" (see Compl. ¶ 21), "oppressive, fraudulent and malicious" (see Compl. ¶ 27), and "deceptive" (see Compl. ¶ 46).

In its motion to dismiss, Ocwen argues that each cause of action is subject to

---

[2] The agreement includes an example of when the lender may adjust the escrow payments in accordance with applicable law. Specifically, the agreement provides that if there is a "shortage of Funds held in escrow, as defined under RESPA [Real Estate Settlement Procedures Act] and/or a "deficiency of Funds held in escrow, as defined under RESPA," the lender shall notify the borrower and the lender must thereafter pay the amount necessary to make up the shortage and/or deficiency "in no more than 12 monthly payments." (See Compl. Ex. 1 at 5.)

dismissal because plaintiff has failed to allege any act in violation of the parties' agreement. The Court agrees.  As set forth above, said agreement, on its face, provides that the "escrow payments may be adjusted periodically in accordance with applicable law." (See Compl. Ex. 1 at 3.)  Although plaintiff alleges in conclusory terms that the increase was wrongful and contrary to the terms of the agreement, plaintiff has failed to allege any facts to support that assertion.  In the absence of any such factual allegations, plaintiff has failed to state a claim for relief based on the increase.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding "legal conclusions" not supported by "factual allegations" fail to state claim upon which relief can be granted).[3]

Accordingly, the motion to dismiss will be granted.

## CONCLUSION

For the reasons stated above, Ocwen's motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED.

If plaintiff wishes to file a First Amended Complaint for the purpose of amending any or all of his claims to cure the deficiencies identified above, plaintiff shall file and serve a First Amended Complaint no later than December 14, 2012.  If plaintiff does not file a First Amended Complaint on or before December 14, 2012, the instant action will be dismissed.

**IT IS SO ORDERED.**

Dated:  November 28, 2012

MAXINE M. CHESNEY
United States District Judge

---

[3] In light of this finding, the Court has not considered Ocwen's additional arguments in support of dismissal.

3